

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7506 | **DATE** | 10/31/2002 |
| **CASE TITLE** | Gloria Bailey vs. Jo Anne B. Barnhart, Commissioner | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Plaintiff's motion for attorney fees under the EAJA [32-1] is granted. Plaintiff is hereby awarded attorney fees and costs of $22,118.90.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV 1 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | HB | 36 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RO | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA BAILEY,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of<br>Social Security,<br><br>Defendant. | No. 00 C 7506<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the motion of plaintiff Gloria Bailey for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The Commissioner opposes the motion on the grounds that the Commissioner's position was substantially justified. For the reasons set forth below, Bailey's motion is granted. (R. 32-1.)

## BACKGROUND

In March 1997 Bailey applied for disability benefits. She suffered from partial immobility in her right leg and pain in her lower back, and was diagnosed with fibromyalgia, neck pain, dysfunction of the cervical spine, possible carpal tunnel syndrome and sleep disturbance. In May 1997 Bailey's application for disability benefits was denied. In September 1997 she requested reconsideration and a hearing on the denial of her application. An Administrative Law Judge (ALJ) held a hearing on Bailey's case in November 1998 and concluded that she was not disabled in April 1999.

Bailey submitted a request for review to the Appeals Council, which the Council denied.

36

Bailey then filed a complaint seeking judicial review of the ALJ's decision in this Court. We granted the Commissioner's motion for summary judgment, finding the ALJ's position supported by substantial evidence. On appeal, the Seventh Circuit held that the ALJ did not adequately address all of the evidence and therefore vacated and remanded the case for further proceedings. *Bailey v. Barnhart*, No. 01-3474, 2002 WL 1401225, at *1 (7th Cir. June 26, 2002). The Seventh Circuit cited three main errors in the ALJ's opinion: (1) the ALJ considered but improperly rejected without explanation an October 1998 treatment note by a doctor stating that Bailey's condition was worsening, *Bailey*, 2002 WL 1401225, at *4; (2) the ALJ improperly concluded that Bailey's participation in housework and childcare contradicted the doctor's October 1998 notes because "involvement in household activities does not necessarily contradict a claim of disabling pain," *id.*, at *5 *(citing Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001)); and (3) the ALJ improperly excluded and ignored a chiropractor's opinion that Bailey's pain would increase after two to three hours of work because Bailey's tolerance for work is "an issue crucial to this case," *id.*, at *5.

Bailey now moves for an award of attorney fees under the EAJA, claiming that the government's position was not substantially justified.

## DISCUSSION

The EAJA provides that a prevailing party is entitled to fees and expenses in a civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A). Merely prevailing in a lawsuit against the government does not automatically entitle a party to fees under the EAJA, nor are fees presumed. *U.S. v. Hallmark Constr. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000). The government bears the burden of showing that its position

was substantially justified. *Id.*

The Supreme Court has held that the government's position is "substantially justified" if it can be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). *See also Hallmark Constr. Co.,* 200 F.3d at 1080 (the government's position is substantially justified if there is a rational basis for the facts alleged and the legal theory proposed and a rational connection between the two). EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position is not substantially justified. *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994) (internal citations omitted). The Court, however, makes only one determination as to whether the government's conduct was substantially justified. If the ALJ's decision is unreasonable, the government's conduct is not substantially justified. *See Sutton v. Chater,* 944 F. Supp. 638, 645 (N.D. Ill. 1996) (government was not substantially justified where ALJ failed to articulate a factual basis for his decision, disregarded portions of relevant treatment notes of doctors beneficial to the plaintiff, based his decision on flawed opinions and made assumptions based on incorrect facts).

In this case, the government's prelitigation conduct was not substantially justified. In reversing this Court's affirmance of the ALJ's decision, the Seventh Circuit held that the ALJ's decision was flawed. Particularly, the Seventh Circuit noted that the ALJ ignored opinions of a physician and a chiropractor that contradicted the ALJ's determination that Bailey was not disabled and overlooked the holding of a recent Seventh Circuit case that participation in housework does not necessarily contradict a claim of disabling pain. *Bailey,* 2002 WL 1401225, at * 4-5. Although this Court found on summary judgment that substantial evidence supported the ALJ's decision, our previous holding does not substantially justify the government's position at this stage of the proceedings. *Pierce,* 487 U.S. at 569 ("the fact that one court agreed or

disagreed with the Government does not establish whether its position was substantially justified"). Ultimately, the Seventh Circuit vacated and remanded with sound analysis of the ALJ's decision. We defer to the Seventh Circuit's clear and thorough decision on the merits and thus find that the ALJ's decision was not substantially justified. Therefore, an award of attorney fees under the EAJA is appropriate. *See Gibson-Jones v. Apfel*, 995 F. Supp. 825, 826 (N.D. Ill. 1998); *Sutton*, 944 F. Supp at 643.

The Court must next determine whether Plaintiff's request for fees is reasonable. The amount of attorney fees is determined by multiplying the hours reasonably expended by a reasonable hourly rate. *Kinney ex rel. N.L.R.B. v. Fed. Sec., Inc.*, No. 01 C 0830, 2002 WL 31017644, at *5 (N.D. Ill. Sept. 9, 2002). While the EAJA caps the recovery rate at $125 per hour, a party may increase the hourly rate based on cost-of-living data. *Id.* Bailey's attorney submitted evidence that his adjusted hourly rate began at $139.69 in October 2000 and ended at $144.43 in August 2002. The government does not contest these rates, and other courts in this district have approved rates in this range for the time period at issue. *See Smith v. Barnhart*, No. 00 C 7625, 2002 WL 31118326, at *3 (N.D. Ill. Sept. 24, 2002); *Brasel v. Massanari*, No. 01 C 771, 2002 WL 31248472, at *3 (N.D. Ill. Oct. 7, 2002). Therefore, the Court will accept counsel's suggested hourly rates.

If a defendant does not provide specific objections to the requested attorney fees, the court will generally award the requested amount. *Northwestern Nat. 'l Life Ins. Co. of Milwaukee Wis. v. Lutz*, 933 F. Supp. 730, 732 (C.D. Ill. 1996). We will award fees, however, only for time that is properly documented and reasonably expended. We may not "eyeball" the fee request and "cut it down by an arbitrary percentage because it seemed excessive." *See Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 647 (7th Cir. 1995) (quotations and citations omitted).

Bailey's attorney requests $22,118.90 for 156.1 hours of work—38.9 hours at the district court level and 56.95 hours at the appellate level. Bailey's attorney submitted a summary of hours expended with a description of the work performed. The summary seems reasonable. We do not agree with the government's assertions that Bailey's attorney spent *excessive* time preparing for the appellate review. *See Palmer v. Barnhart*, No. 01 C 0149, 2002 WL 31373489, *3 (N.D. Ill. Oct. 18, 2002) (in EAJA case, court finds amount of time spent in district and appellate courts—48.2 and 73.8 hours, respectively—appropriate). Furthermore, the government's proposal that Bailey's attorney fees be reduced by half, to 75.85 hours of work for an award of $10,741.70, strikes the Court as arbitrary. *See Spellan*, 59 F.3d at 647. Bailey's request is also in line with EAJA attorney fee awards in Social Security cases after a Seventh Circuit reversal and remand. *See Smith v. Apfel*, No. 99 C 1139, 2001 WL 199505 (N.D. Ill. Feb. 28, 2001) (award of $32,949.63 in attorney fees); *See also Flores v. Barnhart*, No. 00 C 371, 2002 WL 1461630 (N.D. Ill. July 3, 2002) (award of $17,262.51 in attorney fees).

## CONCLUSION

For the reasons contained herein, Bailey's motion for attorney fees under the EAJA is granted. (R. 32-1.) Plaintiff is awarded total attorney fees and costs of $22,118.90.

ENTERED:

Judge Ruben Castillo
United States District Court

**Dated: October 31, 2002**

5